Per Curiam.

The principal question in the case regards the ownership of the beer. Evidence was given at the trial, of a custom among brewers to supply retailers with beer in the manner stated in the report of the judge. It is argued that this mode of dealing is necessary, and it should seem to be so ; for in general the retailer would not be able to purchase a large quantity of beer at once, and it appears that beer must be supplied to him in cold weather, as it cannot be removed in warm weather without injury. The question is, whether the beer is liable to attachment as the property of the retailer. The contract is very similar to that of sale or return in England ; and in the case of some kinds of manufactures such a contract is required, owing to particular circumstances which take them out of the rules of ordinary sales. It is on this ground that contracts of sale or return are held valid ; and it is uniformly considered that in such contracts the property continues in the *452 original owner; except in cases under the statute of James, °f bankruptcy, which is not in force in this Commónwealth.
It is objected, that in the contract of sale or return, the article is to be returned, unless sold, but that by the custom under consideration, it may or may not be returned, at the election of the retailer. We are not clear that there is any such distinction ;• nor is there good reason for it. It is consistent with the English law, that the beer shall remain the property of the brewer until the election of the retailer shall be made.[1]
We place this contract on the same ground as that of sale or return in England, and we are glad to find authorities which sustain us ; but without authorities we should deem it proper to uphold such a contract. Retailers who take beer to sell are often persons of very small property, and the custom appears to be so general and well known, that the retailer would not be supposed to be the owner of the beer ; no injury therefore can arise to creditors of the retailer. And it being beneficial to the community to introduce the use of beer, public policy would justify us in favoring the custom.
It is asked, how shall the beer be attached ; whether as the property of the brewer, or of the retailer. It is not necessary for us to answer this question. There are many cases where chattels cannot be attached as the property either of the general or of the special owner.
An objection is raised in regard to the possession of the plaintiffs in replevin, the possession and the right of possession being here in the retailer. It is sufficient to remark, that when the sale of the beer is stopped by the acts of the retailer, his right to retain ceases ; and further, in the case before us, the general property being in the brewer, and the retailer having assigned all his right in the beer to him, the action may well lie.[2]
JVeio trial granted.

 See Blood v. Palmer, 2 Fairfield, 414; Whitwell v. Vincent, 4 Pick. (2d ed.) 452, note 1; Long on Sales, (Rand’s ed.) 181, 199, 200; Sargent v Gile, 8 N. Hamp. R. 325; ante, 159, note 1.

 See Phelps v. Willard, 16 Pick. 32.